## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES E. WIIG, | ) | CASE NO. 8:10CV226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| RICHARD HASELOH, MARK | ) | |
| MONTGOMERY, and UNKNOWN | ) | |
| RICELY, | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 10, 2010.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 8.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against three Defendants, who Plaintiff identifies as employees of either the Nebraska State Patrol or the Lexington, Nebraska Police Department.  (Filing No. 1 at CM/ECF p. 1.)  Condensed and summarized, Plaintiff alleges that Defendants "used trickery and deceipt [sic] in order to make" Plaintiff's mother testify against him, resulting in his criminal conviction.  (*Id.* at CM/ECF p. 2.)  Plaintiff requests that his mother's testimony "be vacated from evidence and considered void" because Defendants' actions in "obtaining the evidence was illegal, coercive and improper."  (*Id.*)  Plaintiff seeks monetary relief.  (*Id.* at CM/ECF p. 1.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous

or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).         _____

## III.   DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez,* 411 U.S. 475 (1973), and *Heck v. Humphrey,* 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck,* 512 U.S. at 486-87.

Here, Plaintiff alleges that Defendants improperly coerced Plaintiff's mother to testify against him, which resulted in his wrongful criminal conviction. (Filing No. 1 at CM/ECF p. 2.) Plaintiff specifically requests that his mother's testimony "be vacated from evidence and considered void" in his criminal case, a request which necessarily implicates the validity of his conviction and current confinement. (*Id.*) As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983 until Plaintiff first obtains a favorable outcome in a habeas corpus or similar proceeding. Thus, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in such a proceeding.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2.      A separate Judgment will be entered in accordance with this Memorandum and Order; and

3.      The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit and the Form AO241, Petition for Relief From a Conviction or Sentence.

DATED this 27th day of August, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.